UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ROBERT BOHMBACH and )
LISA BOHMBACH )
    Plaintiffs )
     )
v. ) C.A. No.
     )
HENRY SHIVERS, )
WELLS FARGO EQUIPMENT FINANCE,)
INC. and PTG LOGISTICS, LLC )
    Defendants )
     )

## **COMPLAINT WITH JURY CLAIM**

### **Parties**

1. Robert Bohmbach is an individual who resides at 41 Hummingbird Lane, Taunton, Bristol County, Massachusetts.

2. Lisa Bohmbach is an individual who resides at 41 Hummingbird Lane, Taunton, Bristol County, Massachusetts and the wife of Robert Bohmbach.

3. Henry Shivers is an individual who resides at 33 Poplar Street, Johnson City, New York.

4. Wells Fargo Equipment Finance, Inc. is a corporation organized under the laws of Minnesota with a principal place of business located at 733 Marquette Avenue, #700, Minneapolis, Minnesota.

5. PTG Logistics, LLC is a limited liability company organized under the laws of Ohio with a principal place of business located at 6961 Cintas Boulevard, Mason, Ohio.

### **Facts**

6. On June 11, 2019, the plaintiff was operating a van on Massachusetts Route 24 South.

7. The plaintiff exited Route 24 South at Exit 20 in Raynham, Massachusetts and proceeded to drive on the offramp.

8. The plaintiff then stopped at a stoplight where the offramp meets New State Highway.

9. The stoplight turned green and the plaintiff attempted to turn left onto the eastbound lane of New State Highway.

10. A tractor trailer operated by defendant Henry Shivers, owned by Defendant Wells Fargo Equipment Finance, Inc. and leased to PTG Logistics, LLC was traveling in an eastbound lane on New State Highway.

11. The tractor trailer had a red light at the intersection where the Exit 20 offramp and New State Highway meet.

12. Despite this red light, the tractor trailer proceeded through the intersection and struck the van operated by the plaintiff.

## Jurisdiction

13. This Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C., § 1332 because the plaintiff and defendants are citizens of different states and the Plaintiff seeks damages in excess of $75,000.00.

14. Venue is proper in this district pursuant to 28 U.S.C., § 1391(b)(1) as the plaintiffs reside in Massachusetts and 28 U.S.C., § 1391(b)(2) because the accident occurred in Raynham, Massachusetts.

## Count I
## NEGLIGENCE
## Robert Bohmbach v. Henry Shivers

15. The plaintiff realleges and reasserts the allegations set forth in paragraphs 1-14 above as if fully set forth herein.

16. On or about June 11, 2019, the defendant, Henry Shivers, owed the Plaintiff a duty to operate his vehicle in a safe, responsible and reasonable manner so as to not endanger the life or safety of others.

17. On or about June 11, 2019, the defendant, Henry Shivers, breached his duty and negligently operated a tractor trailer when he failed to stop at a red light at the intersection of the Route 24 South Exit 20 offramp and New State Highway, which caused the tractor trailer to proceed through the intersection and strike the van operated by the plaintiff.

18. As a direct and proximate result of the negligence of the defendant, Henry Shivers, the plaintiff Robert Bohmbach, was caused to sustain severe physical injury, suffer great pain of body and anguish of mind and require extensive medical care and treatment and cannot engage in his normal and usual activities, including his employment.

WHEREFORE, the plaintiff, Robert Bohmbach, demands judgment against defendant, Henry Shivers, in an amount to compensate him for his losses and damages together with interests and costs.

**Count II**
**RESPONDEAT SUPERIOR**
**Robert Bohmbach v. Wells Fargo Equipment Finance, Inc.**

19. The plaintiff realleges and reasserts the allegations set forth in paragraphs 1-18 above as if fully set forth herein.

20. On or about June 11, 2019, Defendant Wells Fargo Equipment Finance, Inc., had in its employ, agency or service Defendant Shivers.

21. At the time of the subject incident, Defendant Shivers was in the scope of his employment for Defendant Wells Fargo Equipment Finance, Inc.

22. Pursuant to the doctrine of Respondeat Superior, all negligence and/or gross negligence committed by its employees, agents, or servants is imputed to be the responsibility of Defendant Wells Fargo Equipment Finance, Inc.

WHEREFORE, the plaintiff, Robert Bohmbach, demands judgment against defendant, Wells Fargo Equipment Finance, Inc., in an amount to compensate him for his losses and damages together with interests and costs.

**COUNT III**
**NEGLIGENT ENTRUSTMENT**
**Robert Bohmbach v. Wells Fargo Equipment Finance, Inc.**

23. The plaintiff realleges and reasserts the allegations set forth in paragraphs 1-22 above as if fully set forth herein.

24. Defendant Wells Fargo Equipment Finance, Inc. had a duty to exercise reasonable care in the hiring, training and supervision of its employees.

25. On or before June 11, 2019, Defendant Wells Fargo Equipment Finance, Inc. knew or should have known that employee, Defendant Shivers, lacked the proper skills and training and was unfit to and unable to safely and properly operate the Subject Vehicle.

26. By failing to take reasonable measures in properly hiring, training and supervising its employees, including but not limited to Defendant Shivers, Defendant Wells Fargo Equipment Finance, Inc., breached its duty of care to the plaintiff.

27. As a direct and proximate result of Defendant Wells Fargo Equipment Finance, Inc.'s negligent and/or grossly negligent hiring, training, and supervision of Defendant Shivers, Plaintiff was caused to suffer serious injuries, suffer great pain of body and anguish of

mind and require extensive medical care and treatment and cannot engage in his normal and usual activities, including his employment.

WHEREFORE, the plaintiff, Robert Bohmbach, demands judgment against defendant, Wells Fargo Equipment Finance, Inc., in an amount to compensate him for his losses and damages together with interests and costs.

## COUNT IV
## RESPONDEAT SUPERIOR
## Robert Bohmbach v. PTG Logistics, LLC

28. The plaintiff realleges and reasserts the allegations set forth in paragraphs 1-27 above as if fully set forth herein.

29. On or about June 11, 2019, Defendant PTG Logistics, LLC had in its employ, agency or service Defendant Shivers.

30. At the time of the subject incident, Defendant Shivers was in the scope of his employment for Defendant PTG Logistics, LLC.

31. Pursuant to the doctrine of Respondeat Superior, all negligence and/or gross negligence committed by its employees, agents or servants is imputed to be the responsibility of PTG Logistics, LLC.

WHEREFORE, the plaintiff, Robert Bohmbach, demands judgment against defendant, PTG Logistics, LLC, in an amount to compensate him for his losses and damages together with interests and costs.

## COUNT V
## NEGLIGENT ENTRUSTMENT
## Robert Bohmbach v. PTG Logistics, LLC

32. The plaintiff realleges and reasserts the allegations set forth in paragraphs 1-31 above as if fully set forth herein.

33. Defendant PTG Logistics, LLC had a duty to exercise reasonable care in the hiring, training and supervision of its employees.

34. On or before June 11, 2019, Defendant PTG Logistics, LLC knew or should have known that employee, Defendant Shivers, lacked the proper skills and training and was unfit to and unable to safely and properly operate the Subject Vehicle.

35. By failing to take reasonable measures in properly hiring, training and supervising its employees, including but not limited to Defendant Shivers, Defendant PTG Logistics, LLC, breached its duty of care to the plaintiff.

36. As a direct and proximate result of PTG Logistics, LLC's negligent and/or grossly negligent hiring, training, and supervision of Defendant Shivers, Plaintiff was caused to suffer serious injuries, suffer great pain of body and anguish of mind and require extensive medical care and treatment and cannot engage in his normal and usual activities, including his employment.

WHEREFORE, the plaintiff, Robert Bohmbach, demands judgment against defendant, PTG Logistics, LLC, in an amount to compensate him for his losses and damages together with interests and costs.

## COUNT V
## LOSS OF CONSORTIUM
### Lisa Bohmbach v. All Defendants

37. The plaintiff Lisa Bohmbach realleges and reasserts the allegations set forth in paragraphs 1-36 above as if fully set forth herein.

38. Prior to June 11, 2019 Plaintiffs, Lisa Bohmbach Robert Bohmbach married.

39. As a direct and proximate result of the negligence of Henry Shivers, Wells Fargo Equipment Finance, Inc. and PTG Logistics, LLC, Lisa Bohmbach has been, and continues to be, deprived of her husband, Robert Bohmbach's services, support, society, affection, companionship and consortium. Her comfort and happiness have likewise been, and continue to be, impaired.

WHEREFORE, the plaintiff, Lisa Bohmbach, demands judgment against defendants, Henry Shivers, Wells Fargo Equipment Finance, Inc. and PTG Logistics, LLC, in an amount to compensate her for her losses and damages together with interests and costs.

**THE PLAINTIFFS CLAIM A TRIAL BY JURY**

ROBERT BOHMBACH
LISA BOHMBACH
By their attorneys,

_/s/ Richard J. Sullivan_
Richard J. Sullivan, Esq.
BBO# 554085
James M. McLaughlin, Esq.
BBO# 676079
SULLIVAN & SULLIVAN, LLP
83 Walnut Street
Wellesley, MA  02481
(781) 263-9400
rsullivan@sullivanllp.com
jmclaughlin@sullivanllp.com